THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS CONROY, Appellant.

Argued October 15, 1941; decided December 10, 1941.

*Leo H. Klugherz, Albert Vitale, Luke J. Le Rolle* and *M. Arthur Hammer* for appellant. The trial court erred in failing to charge as requested on the question of circum-

stantial evidence. (*Rice* v. *Detroit Fire & Marine Ins. Co.*, 176 S. W. Rep. 1113; *People* v. *O'Neil*, 48 Hun, 36; 109 N. Y. 251.)

*Samuel J. Foley, District Attorney* (*George Tilzer, Sylvester Ryan, Herman J. Fliederblum* and *Francis X. O'Brien* of counsel), for respondent. The trial court properly refused to charge defendant's request dealing with circumstantial evidence. (*People* v. *Bonifacio*, 190 N. Y. 150; *McKinney* v. *State*, 88 S. W. Rep. 1012; *Thompson* v. *State*, 26 S. W. Rep. 198; *Johnson* v. *State*, 162 S. W. Rep. 512; *Sullinger* v. *State*, 182 S. W. Rep. 1140; *People* v. *Brasch*, 193 N. Y. 46; *People* v. *Deacons*, 109 N. Y. 374; *People* v. *Jaehne*, 103 N. Y. 182.)

*Per Curiam.* In his charge the trial judge said to the jury: " Full, direct and positive evidence of the *corpus delicti*, that is, death as the result of the criminal agency of another as the means independent of the confession is not required. It is sufficient to warrant a conviction if corroborating circumstances are shown which, when considered in connection with the confession are sufficient to establish the defendant's guilt in the minds of the jury beyond a reasonable doubt."

This was a correct statement of the applicable doctrine. (*People* v. *Jaehne*, 103 N. Y. 182, 199, 200.) At the request of the defendant's counsel, the trial judge supplemented his charge as follows: " I have been requested to charge and do charge that where the People attempt to prove a fact or facts by circumstantial evidence, these circumstances must themselves be established by direct proof and not left to rest upon inferences or other circumstances. I have been requested to charge and do charge that where the People seek to prove a fact by circumstantial evidence, such fact must clearly and necessarily flow from the circumstances alleged."

In refusing further to instruct the jury as to the rules which regulate appraisal of the probative value of circumstantial evidence, the judge remarked that " this is not a

circumstantial evidence case." Of this inadvertent misstatement the defendant now predicates error.

Taking the charge as a whole we cannot believe that the jury were misled by the phrase last quoted.

The judgment of conviction should be affirmed.

LEHMAN, Ch. J. LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment of conviction affirmed.