THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHRIST POPOFF, Appellant.

Argued October 15, 1942; decided December 3, 1942.

*Richard Klugherz* for appellant. The evidence was insufficient. There was no proof of intent to defraud the insurer of the building. (*People* v. *Lashkowitz,* 257 App. Div. 518; *People* v. *Lewis,* 275 N. Y. 33.) Keough was an accomplice as a matter of law. (*People* v. *Clougher,* 246 N. Y. 106; *People* v. *Richardson,* 222 N. Y. 103; *People* v. *Swersky,* 216 N. Y. 471; *People* v. *Warder,* 231 App. Div. 215; *People* v. *Elbroch,* 250 App. Div. 583; *Luck* v. *State,* 67 S. W. Rep. [2d] 302.)

*Carl J. Hynes, District Attorney,* for respondent.

*Per Curiam.* The record of evidence offered in support of charges under section 220 and section 222, subdivision 5, of the Penal Law, and contained in the first and fourth counts of the consolidated indictment, lacks the essential proof of the defendant's knowledge of the existence of fire insurance coverage upon the

contents of the building in which the Cosmo Restaurant was located and of which building the defendant Peter Gregor was one of the lessees. (*People* v. *Shields*, 266 N. Y. 200; and see 3 Bishop on New Criminal Procedure [2d ed.] 1249, 1250; Curtis on The Law of Arson, § 76, p. 92; Ruling Case Law, p. 520.)

In support of charges set forth in the second count of the consolidated indictment we find no evidence which suffices under section 399 of the Code of Criminal Procedure to corroborate that part of the testimony of the accomplice Panageotatos (hereinafter referred to as " Burdabas ") which relates to acts committed within the restaurant on the night of January 28, 1940, and ascribed by him to the defendant. Nor is there evidence from which the jury could find that the liquid in the cans, said by Burdabas to have been carried by him and the defendant into the restaurant on that night, was inflammable. The only evidence upon that subject was given by Burdabas who repeatedly testified positively that he did not know what was in the cans.

As to count five of the consolidated indictment, the People rely upon the testimony of Burdabas which recites an alleged confession made to him by the defendant on February 5, 1940, *viz.*, that he (the defendant) had gone to Watertown on the preceding night when he had entered the Cosmo Restaurant where he committed acts which amounted to an attempt to commit arson. Such testimony lacks the requisite support of " additional proof that the crime charged has been committed." (Code Crim. Proc. § 395.) The testimony by the People's witness Keough does not, in our view, satisfy the requirements of the statute last above cited.

The judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.