Fuld, J.
In this arson prosecution, the defendant had confessed to deliberately starting a fire, and the principal question presented is whether the record contains the “ additional proof ” required by statute to warrant his conviction.
The fire, for the setting of which the defendant was indicted, occurred on February 25, 1959 in a three-story rooming house where the defendant was then living as a tenant. On that day, the landlord saw the defendant, who was the only one on the third floor at the time, leave the house at about 8:00 p.m. Very shortly thereafter, he smelled smoke and then saw it coming from the defendant’s window and it was the opinion of a fire marshal, who later conducted an investigation, that the fire originated in the closet in the defendant’s room because of the extensive damage done “ in that particular area ”.
The defendant, who was observed watching the fire when it was at its height, disappeared after the blaze had been extinguished. He not only was not to be found in any of the places which he usually frequented but he failed to return to his job in the hospital where he worked, even though back pay was due him. Moreover, when he was apprehended some two weeks after the fire, it appeared that he had dyed his red hair and eyebrows black. Upon being questioned, he readily acknowledged, both orally and in writing, that he had started the fire in the closet just before leaving his room because of “ an urge ” he had — though, upon the trial, he took the stand and repudiated his confession, denying that he had set the fire.
*45 Section 395 of the Code of Criminal Procedure provides that ‘ ‘ A confession of the defendant * * * is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.” The purpose sought to be served by this requirement — that there be evidence of the corpus delicti apart from the confession — is, of course, to avert “ The danger that a crime may be confessed when [in fact] no such crime * * * has been committed by any one ”. (People v. Lytton, 257 N. Y. 310, 314; see People v. Louis, 1 N Y 2d 137, 140.) In an arson case, the corpus delicti consists of a burning which is willful (see, e.g., People v. Viscio, 241 App. Div. 499, 500; People v. Wagner, 71 App. Div. 399, 401) [1] or, to borrow from the concept expressed in the murder cases (see People v. Cuozzo, 292 N. Y. 85, 92; People v. Conroy, 287 N. Y. 201, 202), a fire set by criminal or guilty human agency. (See, also, People v. Deacons, 109 N. Y. 374, 377-378; People v. Popoff, 289 N. Y. 344 [in which the additional proof of arson was clearly insufficient] ; People v. Teeter, 308 N. Y. 852; People v. Louis, 1 N Y 2d 137, 140, supra.)
As a study of the relevant decisions demonstrates, the additional proof, which need not “ amount to direct proof of the defendant’s [criminal] act ” (People v. Brasch, 193 N. Y. 46, 59; see, also, People v. Conroy, 287 N. Y. 201, 202, supra), may be sufficient “ even though it fails to exclude every reasonable hypothesis save that of guilt ”. (People v. Cuozzo, 292 N. Y. 85, 92, supra; see, also, People v. Badgley, 16 Wend. 53; People v. Jaehne, 103 N. Y. 182.) On the other hand, corroboration of the truth of the confession, without more, “ does not satisfy the statutory command of section 395.” (People v. Cuozzo, 292 N. Y. 85, 93, supra.) However, as this court wrote in Jaehne (103 N. Y., at pp. 199-200), a bribery case, “when, in addition to the confession, there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of crime, and for the explanation of which the confession furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of the statute.” It is for this reason that *46 presence at the scene, proof of motive, evidence of flight and other conduct indicating a consciousness of guilt may, as indicated, be held to constitute the essential additional proof. (See, e.g., People v. Cuozzo, 292 N. Y. 85, 92, supra.)
In arson cases, proof of criminal agency is, of necessity, more often than not solely circumstantial because, in the very nature of things, the fire generally consumes and destroys all evidence of its incendiary origin. In this aspect, the present case resembles People v. Brasch (193 N. Y. 46, supra), a homicide prosecution, in which the death of the defendant’s wife by drowning gave no direct indication that she had been murdered. In finding the essential additional proof required by section 395, the court relied upon the defendant’s abusive conduct toward his wife, his involvement with another woman with whom he fled shortly after his wife’s disappearance, over which he showed no concern, and upon the fact that his wife was last seen alive in his company near the place of the drowning — as fixed by his confession (p. 60) — and that he had temporarily left his companions during the time — again, as fixed by his confession (p. 60) —when the homicide look place.
In the case before us, too, there is evidence, apart from the confession, that the fire was willfully set by human agency and, though not essential to prove the corpus delicti, that it was the defendant who was responsible for it. In the first place, the circumstance that there were no electrical wires or heating fixtures .near the closet where the blaze had obviously originated and the fact that the defendant had denied carelessly leaving a cigarette in the room constituted some evidence which negatived the possibility that the fire was accidental. That it was the defendant who had actually set the fire is supported not only by proof that he was in his room and, indeed, the only one on the third floor shortly before the fire was discovered, but also by proof of consciousness of guilt, namely, that he had absented himself from his usual haunts and from his job, though wages were owing to him and, even more significant, that he had changed his appearance by dyeing his hair. All these circumstances, when taken together, constitute the necessary additional proof from which the jury could find that the fire was of incendiary origin and, as already noted, they go far toward establishing that it was the defendant who had started the blaze.
*47 In the case before ns, as in People v. Brasch (193 N. Y. 46, supra), it may well be observed that, although the additional proof may not have been sufficient to warrant conviction of the crime charged based on such proof alone, í ‘ It would shock common sense to say in the light of the confession that all of these circumstances do not in any degree tend to prove a crime, and that the requirements of the statute have not been satisfied, and that the defendant should be discharged because some other impossible evidence has not been produced ” (193 N. Y., at pp. 60-61).
The situation in People v. Cuozzo (292 N. Y. 85, supra), where the required additional proof was held lacking, was quite different. The defendant Cuozzo confessed, years after the event, to the murder of a girl who was hit by a train and whose mangled body made it impossible to establish, without more, that her death was by criminal agency. In concluding that there was no ‘ ‘ additional proof of the ‘ criminal fact ’ ”, the court noted that the record contained nothing “ but only a naked confession supplemented by a showing by outside proof that some of the statements in the confessions were true ” (p. 93); there was merely a correspondence between the extrinsic facts surrounding the fatality and some statements in the defendant’s confessions which were matters of common knowledge in the vicinity. Completely absent was proof of the defendant’s presence at the scene, a showing that the crime was not accidental, and evidence of consciousness of guilt.
There must, however, be a reversal and a new trial because of the trial court’s refusal to charge, when requested, that a confession “ is not sufficient to warrant the [conviction] of the defendant without additional proof that the crime charged has been committed ’ \ By its ruling, to which exception was taken, the court in effect told the jury that there was no need for proof in addition to the confession and that it could return a verdict of guilt solely on the strength of the confession. This was error. (See, e.g., People v. Cuozzo, 292 N. Y. 85, 95, supra; People v. Louis, 1 N Y 2d 137, 140, supra; see, also, 7 Wigmore, Evidence [3d ed., 1940], § 2073.) In People v. Louis (1 N Y 2d 137, supra), we expressly noted the need for such an instruction as was here requested unless, as was the situation in that case, ‘ ‘ death [by] some criminal agency ’ ’ was conceded. ‘ ‘ The judge declined these requests ” as to the need for additional evidence, we wrote *48 (p. 140), “ and it is that refusal which moved the Appellate Division to reverse. While that court’s statement, that ‘ the jury must be given the opportunity of passing upon the sufficiency of the [additional] proof to warrant a conviction ’, undoubtedly expresses the rule in the abstract, we perceive no basis for its application in a case such as the present. ’ ’
It is quite true, as the People argue, that the record contains several items of additional proof but, since they were not sufficient to make out a prima facie case of guilt apart from the defendant’s confession, the trial court was not justified in declining to charge as requested. (See, e.g., People v. Louis, 1 N Y 2d 137, 140, supra; see, also, People v. Roach, 215 N. Y. 592, 600-601.) We may not overlook the possibility that, had the instruction been given, the jurors either might have chosen to disbelieve the witnesses who testified to those items or might have concluded that they were insufficient to constitute such additional evidence. As we held in Cuozzo (292 N. Y., at p. 95, supra), it was for the jury to decide, under appropriate instructions, whether there was compliance with section 395 insofar as it pertained to the necessity for additional proof.
The judgment appealed from should be reversed and a new trial ordered.
Chief Judge Desmond and Judges Dye, Van Voobhis, Burke, Foster and Scileppi concur.
Judgment reversed, etc.

. In the case of arson in the first degree, the crime here charged, it is also necessary that the burning be of a dwelling in the nighttime in which a human being is present. It is not disputed that these elements exist here.