OPINION OF THE COURT
Allan Dixon, J.
A petition, dated and verified March 10, 1982, alleging that the respondent committed acts which if done by an adult would constitute the crimes of burglary, third degree, and petit larceny was filed with this court. The petition is supported by a deposition of the arresting officer and the deposition of one John Butler. A motion has been made by the Law Guardian for the respondent to dismiss the petition. The Law Guardian has argued that the depositions supporting the petition are insufficient in that they fail to comply with CPL 180.60 (subd 8), 190.30 (subd 3, pars [a], [c]) and section 155.05 of the Penal Law.
Those sections read as follows:
Said CPL 180.60 (subd 8): “Upon such a hearing, only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony; except that reports of experts and technicians in *1074 professional and scientific fields and sworn statements of the kinds specified in subdivisions two and three of section 190.30 are admissible to the same extent as in a grand jury proceeding, unless the court determines, upon application of the defendant, that such hearsay evidence is, under the particular circumstances of the case, not sufficiently reliable, in which case the court shall require that the witness testify in person and be subject to cross-examination.”
Said CPL 190.30 (subd 3, pars [a], [c]):
“A written or oral statement, under oath, by a person attesting to one or more of the following matters may be received in such grand jury proceeding as evidence of the facts stated therein:
“(a) that person’s ownership of premises, as defined in section 140.00 of the penal law, and of the defendant’s lack of license or privilege to enter or remain thereupon * * *
“(c) that person’s ownership of property, as defined in section 155.00 of the penal law, its value and the defendant’s lack of superior or equal right to possession thereof”.
Said section 155.05 of the Penal Law reads, in part, as follows: “1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
This court has held many times in the past that the full panoply of constitutional rights apply in juvenile proceedings. (Matter of Gault, 387 US 1; Matter of Winship, 397 US 358.) This court also recognizes that the New York Court of Appeals has held that the provisions of the CPL do not govern Family Court procedure. (Matter of Daniel D., 27 NY2d 90.) This case is often quoted to maintain that the entire CPL does not apply to juvenile proceedings. However, this court views it in a much narrower light. This court feels that this case speaks to procedural issues and not issues of substance which go toward the protection of constitutional rights.
The sections of the CPL quoted above are designed to provide a basis upon which a charge of burglary may stand. They are designed to show the requirement of ownership or *1075 superior right to property. The deposition of John Butler is a fill-in-the-blank form which alleges at paragraph 2: “I am the (owner/tenant) of the premises located at 15th Street and College Ave. in the City of Troy, County of Rensselaer, State of New York, and such premises are a school (dwelling, house, store warehouse or etc.)” and at paragraph 4: “I am the owner, as the term ‘owner’ is defined in Section 155.00 (5) of the Penal Law, of certain property described as: ‘Band Aid’ Band Aids and other property which is pending inventory.”
Upon its face this deposition is incredible. Mr. Butler is not or never could be the “owner” of a school. His deposition contains no other allegations of ownership or superior right sufficient to support the charge under section 155.25 of the Penal Law.
As to the charge under section 140.20 of the Penal Law, this should also be dismissed. The fact that Mr. Butler’s deposition is not sufficient to show ownership or superior right makes it impossible to support an allegation under section 140.20 of the Penal Law that the respondent was unlawfully in the building.
Motion of the Law Guardian granted, petition dismissed.