OPINION OF THE COURT
Harvey W. Sherman, J.
The defendants are charged in indictment No. 1057-83 with one count of burglary in the second degree, one count of grand larceny in the third degree and one count of criminal possession of stolen property in the second degree.
Upon oral motion of the defendants with the consent of the District Attorney the court has conducted an in camera examination of the Grand Jury testimony and finds that the evidence submitted to the Grand Jury was not legally sufficient to support the counts of the indictment. Nor does the evidence submitted support a lesser included offense thereof and this court therefore grants defendants’ request for dismissal on the grounds of insufficiency. It is not necessary that the minutes of the Grand Jury proceeding *885 be released to the parties in order to assist the court in making its determination.
The confession corroboration statute (CPL 60.50) requires the People to prove the commission of the crime by evidence independent of that contained in the confession. Said statute provides that: “A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.”
The policy represents an aversion to convicting one on his own confession when a crime may not have been committed by anyone. (People v Jennings, 40 AD2d 357; People v Reade, 13 NY2d 42, 45; People v Lytton, 257 NY 310, 314.)
“However, the policy behind the statute is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone. This additional evidence may be either direct or circumstantial. (People v Cuozzo, 292 NY 85, 92; People v Jaehne, 103 NY 182, 199-200.)” (People v Daniels, 37 NY2d 624, 629; see, also, People v Murray, 40 NY2d 327, 331-332.)
Hence any form of proof will satisfy the criteria under CPL 60.50. Nevertheless, the only additional proof offered by the People here was an affidavit pursuant to CPL 190.30 from the purported complainant. In its entirety it amounts to no more than an affidavit detailing ownership and value. The affidavit is devoid of any proof, even indirectly, that the crime charged was committed by someone, or that, in fact, a crime was committed.
Furthermore, the admissions made by the defendants indicate that they had kicked in the door to a Theresa Ehrhardt’s apartment and seemingly she was a tenant/resident of the premises. Another individual named Roy Skip with was mentioned as living there also. However the affidavit pursuant to CPL 190.30 (subd 3, par [a]) is sworn to by Roy Skipwith, wherein he alleges the following:
“On or about April 20,1983 I was the owner or possessor of premises located at 18 Harrison Avenue, Bay Shore, New York.
*886 “I did not give anyone permission and [s]he did not have license or privilege to enter or remain therein.”
Upon its face this deposition is incredible and inconsistent with the evidence presented to the Grand Jury. The section is designed to show the requirement of ownership or superior right to property. The "affidavit, as it stands, is not sufficient to support the indictment. A similar affidavit was found to be insufficient in Matter of Teal (112 Misc 2d 1073).
The District Attorney advances the argument that he is constrained by the language of the statute in that only the statutorily delineated written statements will be permitted as admissible hearsay evidence before the Grand Jury. After examining the legislative Bill Jacket which accompanies chapter 307 of the Laws of 1975, this court finds that the legislative intent is not to be so narrowly construed.
In a memorandum from the Division of Criminal Justice Services, Executive Department, the bill is discussed as follows: “This bill is directed at a troublesome problem that constantly recurs, particularly in our overburdened metropolitan criminal courts. It involves the evidence of victims of property crimes that needs to be introduced at preliminary hearings and at grand jury proceedings. Most often the problems arise with respect to burglaries, car thefts, lost or stolen credit cards and joy riding. In all of these crimes, among the elements that must be established for a prima facie case, are the facts that the defendant did not have, as the case may be, permission to enter or remain in the burglarized premises; a description of the stolen property; the value of the property; the fact that the owner did not give the defendant permission to use the property, etc. Basically, the victim’s testimony in these cases at this juncture is perfunctory in nature.”
In its memorandum in support, the Office of Court Administration stated: “bill would amend Sections 180.60 and 190.30 of the criminal procedure law to provide that in preliminary hearings and in grand jury proceedings, sworn statements may be admitted in lieu of personal appearances by certain witnesses whose testimony is perfunctory, *887 but technically necessary in order to establish a legally sufficient case * * *
“For example, a person whose automobile was stolen, whose lost credit card was used, or whose house was broken into while he was away, must now make repeated court appearances simply to testify that he owned the property, has never seen the defendant before in his life, and had never given his permission to take, use or enter the property. Ordinarily there is no question of credibility or any need for further detail at the pretrial stages. The personal appearances by the witness cause much expense and consume much time, both for the court and the witness. Sometimes, in frustration, witnesses stop appearing and the case is dismissed. This bill would allow them to give, at a convenient time, a sworn statement which could be used instead of these repeated personal pretrial appearances.
“This bill contains an important safeguard. It provides that whenever it appears that the witness’s hearsay testimony is not adequately reliable, the hearing court can require that he appear personally and be cross-examined. For example, if the owner of title to an automobile is the recently estranged spouse of the defendant and they have shared use of the vehicle for years, the defendant need not be held for the grand jury upon a charge of grand larceny unless the spouse’s assertion that the automobile was ‘stolen’ can withstand cross-examination. Once examination is ordered, the hearsay statement alone cannot be admitted before the grand jury. In addition, the grand jury expressly retains its power to call any witnesses, in person, whose testimony it believes to be relevant.” (Emphasis added.)
The legislation amended the Criminal Procedure Law to permit, in lieu of a personal appearance, sworn statements in order to establish a legally sufficient case. The various memoranda found in the Governor’s Bill Jacket indicate a certain flexibility in just what these affidavits may contain. It must be remembered that these affidavits are in lieu of testimony to be offered upon personal appearances by the witness. The purpose of the statute is defeated if the affidavit is devoid of the necessary statements to establish a legally sufficient Grand Jury presentation. The affidavit *888 in question is lacking the additional evidence necessary to corroborate the admissions.
It must be remembered that corroboration is required at the Grand Jury stage. CPL 190.65 has been amended by chapter 28 of the Laws of 1983 to clarify this point: “1. Subject to the rules prescribing the kinds of offenses which may be charged in an indictment, a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction for such offense is absent, and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.”
Therefore this court holds that the evidence outside the admissions does not satisfy the statutory provisions and the indictment is dismissed as legally insufficient.
In the exercise of discretion, the District Attorney may seek permission to resubmit the charges pursuant to CPL 210.20 (subd 4).