■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN JACKVONY and DIANA COLUMBO, Appellants. — Appeals by (1) defendant Norman Jackvony from a judgment of the County Court, Nassau County (Santagata, J.), rendered October 14, 1983, convicting him of grand larceny in the second degree, attempted grand larceny in the second degree, and falsifying business records in the first degree, upon a jury verdict, and imposing sentence; and (2) defendant Diana Columbo from a judgment of the County Court, Nassau County (Santagata, J.), rendered September 16, 1983, convicting her of grand larceny in

the second degree and falsifying business records in the first degree, upon a jury verdict, and imposing sentence.

Judgments affirmed, and the matters are remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5).

On these appeals, defendants contend, *inter alia,* that they are entitled to dismissal of the indictment against them because, among other things, the record contains insufficient evidence to satisfy the corroboration requirement of CPL 60.50. We disagree.

CPL 60.50 provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed". In meeting this requirement of additional proof, it is sufficient to show "corroborating circumstances 'which, when considered in connection with the confession are sufficient to establish the defendant's guilt in the minds of the jury beyond a reasonable doubt' (*People v Conroy,* 287 NY 201, 202)" (*People v Murray,* 40 NY2d 327, 332, cert den *sub nom. Murray v New York,* 430 US 948). While "[i]t is not enough that the additional proof partially corroborates the truthfulness of the confession * * * [t]he confession may, however, 'be used as a key or clue to the explanation of circumstances, which, when so explained, establish the criminal act'" (*People v Lipsky,* 57 NY2d 560, 570-571, mot for rearg or reconsideration den 58 NY2d 824). "Moreover, it is not necessary that the proof [ex]-clude 'every reasonable hypothesis save that of guilt' * * * 'the statute is satisfied by the production of some proof, of whatever weight, that a crime was committed by someone'" (*People v Murray, supra,* p 332).

The People's proof herein, which consisted of, *inter alia,* documentary evidence of the invoices of Burkhart-Roentgen, Inc., to its X-ray film supplier, Ewen-Parker X-Ray Company and to Franklin General Hospital, as well as testimony as to the manner in which X-ray film shipments were made from Ewen-Parker to Franklin General Hospital, was sufficient corroborating evidence, together with each defendant's confession or admissions, to establish the scheme whereby Burkhart-Roentgen, Inc., together with defendants, arranged for the shipment of fewer X-ray films than were ordered and paid for by Franklin General Hospital, which was the basis for the counts of the indictment (cf. *People v Murray, supra; People v Lipsky, supra*). As noted in *People v Lipsky* (*supra,* p 571): "'"[w]hen, in addition to the confession [and admissions], there is proof of circumstances which, although they may have an innocent construction, are nevertheless calculated to suggest the commission of

crime, and for the explanation of which the confession [and admissions] furnishes the key, the case cannot be taken from the jury for a non-compliance with the requirement of [CPL 60.50]" ' (*People v Reade* [13 NY2d 42] p 45, quoting from *People v Jaehne,* 103 NY 182, 199-200)".

Accordingly, there was sufficient evidence to support the jury's findings.

We have considered defendants' other contentions and find them to be without merit. Mangano, J. P., Gibbons, O'Connor and Boyers, JJ., concur.