## State of Vermont v. Scott E. Weller

[644 A.2d 839]

No. 92-342

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed May 20, 1994

80

*Jeffrey L. Amestoy,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Charles S. Martin* of *Martin & Paolini, P.C.,* Barre, for Defendant-Appellant.

**Johnson, J.** Defendant Scott Weller appeals from a conviction of arson in violation of 13 V.S.A. § 502. On appeal he argues that the trial court erred in (1) refusing to instruct the jury that it could not convict on the basis of his admissions of guilt alone, and (2) excluding an excited utterance by a woman at the scene that someone other than defendant had started the fire. We affirm.

Defendant was charged with arson in the burning of a portion of an apartment building where the boyfriend of his then-estranged wife lived. The State presented a police arson investigator who described his investigation in detail and offered his opinion that the fire was not caused accidentally, but rather was the result of human action. The State linked defendant to the setting of the fire by introducing evidence of defendant's admissions of guilt. The State presented testimony and a tape recording of defendant's statement, made on the telephone to his former sister-in-law and overheard by his ex-wife, that he had set the fire. The State also called a witness who knew defendant when they were both correction center inmates. This witness testified that defendant had confided that he was worried that he would be charged with arson of a building where his ex-wife and her boyfriend lived. The witness also testified that defendant had told the witness that he had set the fire in the hallway and made it look like someone else had started it, that defendant had commented when he

saw a fire on television that "his fire" had been bigger, and that defendant was going to use a friend as an alibi.

Defendant called several alibi witnesses. In addition, defendant called David Laney, who testified that he had been at the scene of the fire. The court ruled that Laney's proffered testimony that he heard a "dark-haired stranger" say that her brother had set the fire was inadmissible hearsay. The jury returned a verdict of guilty, and the present appeal followed.

## I.

Defendant's first argument is that the trial court should have instructed the jury that it could not convict defendant on the basis of his extrajudicial admissions alone and that its refusal to do so was reversible error. Accordingly, defendant contends that he could have been convicted on the basis of his admissions without other evidence of the corpus delicti, and thus his conviction must be reversed.

The State argues that we need not reach this issue because defendant failed to preserve it. At the charge conference, defense counsel asked the court to instruct the jury that it could not convict defendant on the basis of his extrajudicial statements alone. After a discussion, the court indicated that it would not give the proposed instruction. After further discussion of the issue, defense counsel stated that if the first element of the arson charge "were to say that the fire had been set by human action," rather than that the fire had been set by defendant, "then I would agree with you." The judge agreed. After the judge instructed the jury, defense counsel objected that the initially proposed instruction was not given.

■ Because defense counsel expressed agreement to the instructions at the charge conference, the State argues the issue was not preserved. We disagree. Vermont Rule of Criminal Procedure 30 provides: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto *before the jury retires to consider its verdict,* stating distinctly the matter to which he objects and the grounds of his objection." (Emphasis added.) Defendant's post-charge objection satisfied the requirement of the rule and the "primary reason for the rule"—it gave "the trial court one last opportunity to avoid an error." *State v. Wheelock,* 158 Vt. 302, 306, 609 A.2d 972, 975 (1992); cf. *State v. Parker,* 139 Vt. 179, 183, 423 A.2d 851, 853 (1980) (defendant's request that trial court not instruct jury on lesser-included offense "coupled with the defendant's failure to object

to the [absence of such a] charge . . . constitutes a waiver of the objection"). Thus, we will reach the merits of defendant's argument.

█ █ It is a general principle of law "that extra-judicial confessions, alone and uncorroborated, are insufficient to establish the *corpus delicti*," *State v. Goyet*, 120 Vt. 12, 48, 132 A.2d 623, 647 (1957), and will not support a conviction. The corroboration rule is satisfied if there is evidence of the corpus delicti independent of a defendant's admissions. It is not necessary, however, that the corroborating evidence "independently prove the commission of the crime charged, either beyond a reasonable doubt or by a preponderance of the evidence." *Id.* "[S]light corroboration may be sufficient." *Id.*

Vermont defines the corpus delicti of arson as a building burned as the result of criminal agency. *State v. Perras*, 117 Vt. 163, 167, 86 A.2d 544, 546 (1952); *State v. Lizotte*, 109 Vt. 378, 385, 197 A. 396, 399 (1938). In other words, the corpus delicti is that someone committed the crime of arson.

Though defendant challenges the thoroughness and certainty of the State's arson investigator, he concedes that the testimony of the arson investigator that the fire was of a criminal origin met the low threshold for corroboration and that the judge did not err in submitting this case to the jury. Defendant argues, nonetheless, that the judge erred in failing to instruct the jury that it could not convict defendant solely on the basis of his admissions. In other words, defendant urges this Court to reverse his conviction because the instructions left the jury free to conclude that the fire was of criminal design on the basis of defendant's out-of-court statements alone. We hold that the question of whether there is sufficient corroboration of the corpus delicti is a legal question to be decided by the trial court alone and should not be submitted to the jury for redetermination.

The few jurisdictions that have addressed this issue have divided over its resolution. The Sixth Circuit and New York have held that the question of whether a defendant's admissions have been sufficiently corroborated should be determined by the jury. See *United States v. Marshall*, 863 F.2d 1285, 1288 (6th Cir. 1988); *People v. Reade*, 191 N.E.2d 891, 893-94, 241 N.Y.S.2d 829, 833 (1963). Both courts reasoned that unless the question of corroboration was submitted to the jury, the jury "could return a verdict of guilt solely on the strength of the confession." *Reade*, 191 N.E.2d at 894, 241 N.Y.S.2d at 833; accord *Marshall*, 863 F.2d at 1288.

In contrast, Iowa, which has adopted the corroboration rule by statute, and Virginia have concluded that the question of corrobora-

tion is for the judge alone. See *State v. Webb*, 31 N.W.2d 337, 342 (Iowa 1948); *Watkins v. Commonwealth*, 385 S.E.2d 50, 55 (Va. 1989), *cert. denied*, 494 U.S. 1074 (1990). These courts reasoned that "if the evidence of the confession is not accompanied by other proof . . . that a crime has in fact been committed," then it is "the duty of the court to direct a verdict for defendant." *Webb*, 31 N.W.2d at 342; accord *Watkins*, 385 S.E.2d at 55. Thus, if a trial court decides there is sufficient corroboration, then no jury instruction is necessary.

■ We conclude that the better rule is for the judge alone to consider whether there is sufficient corroboration of the corpus delicti. The reason for the rule is "to avert '[t]he danger that a crime may be confessed when [in fact] no such crime . . . has been committed by any one.'" *Reade*, 191 N.E.2d at 892, 241 N.Y.S.2d at 831 (quoting *People v. Lytton*, 178 N.E. 290, 291 (N.Y. 1931)). The trial court is well-situated to determine whether the evidence from sources other than a defendant's admissions is sufficient to corroborate that a crime was in fact committed by someone. Its consideration of this issue will adequately insure that the reason for the rule is satisfied before the jury is ever allowed to consider the admissions.

■ Moreover, defendant will also be protected by customary jury instructions. The jury, of course, will be charged with determining whether the State proved the elements of the crime beyond a reasonable doubt. To that end, the jury is free "to consider the admissions in connection with all the other evidence in the case and to decide whether the guilt of the [defendant] ha[s] been established beyond a reasonable doubt." *Opper v. United States*, 348 U.S. 84, 94 (1954); accord *Webb*, 31 N.W.2d at 342; *Watkins*, 385 S.E.2d at 55 n.3. In addition, the jury, as in this case, will be instructed that it has unlimited discretion regarding what weight it might give to any evidence, or lack thereof, including the admissions, and that the State must prove a defendant's guilt beyond a reasonable doubt. See *State v. Giroux*, 151 Vt. 361, 365, 561 A.2d 403, 406 (1989) (reasonable doubt may "spring" from evidence or lack thereof).

## II.

Defendant next argues that the court's exclusion of an excited utterance—that someone other than defendant started the fire—was reversible error. Defendant offered the testimony of David Laney, an acquaintance of defendant, who claimed to have driven to the fire scene out of curiosity. He testified that an hysterical young woman

with long black hair approached him at the fire and asked him a question. The State objected on hearsay grounds. According to the proffer, Mr. Laney would have testified that this woman asked him, "Where's my brother? Where's my brother? I'm looking for my brother. He set the fire." Defendant argues that this statement, which the trial court excluded, should have been admitted as an excited utterance. We affirm, because even if defendant is correct, under the strictest of harmless-error standards, any error was harmless.*

The woman's alleged comments had little probative value under the circumstances, and other evidence of guilt was abundant. The probative value was slim because there was no assurance of the reliability of a statement spoken by an unidentified person. In addition, defendant offered no basis for the woman's apparent knowledge that her brother had started the fire. On the other hand, the State offered testimony from defendant's ex- wife, each of her sisters, and defendant's cellmate that defendant had made incriminating statements, and introduced a tape recording of defendant's incriminating remarks to one of his former sisters-in-law. In light of the incriminating evidence and the low probative value of the proffered testimony, we conclude that if there was error, it was harmless beyond a reasonable doubt.

*Affirmed.*

---

* We need not decide what standard of harmless error to apply in this case because any error was harmless beyond a reasonable doubt. See *State v. Curavoo*, 156 Vt. 72, 76-77, 587 A.2d 963, 965-66 (1991).