**ENTRY ORDER**

2024 VT 25

SUPREME COURT CASE NO. 24-AP-098

APRIL TERM, 2024

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Winter Holland-Levine | } | CASE NO. 24-AP-098 |
| | } | |
| | | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant appeals from the criminal division's April 1, 2024 order holding him without bail pending trial under 13 V.S.A. § 7553. We affirm.

¶ 2.    On February 23, 2024, the State charged defendant with one count of sexual assault without consent in violation of 13 V.S.A. § 3252(a)(1). The charge carries a maximum penalty of life imprisonment. The State moved to hold defendant without bail under 13 V.S.A. § 7553. The court held a weight-of-the-evidence (WOE) hearing on the motion on March 1 and March 28. At the WOE hearing, a Rutland City police officer and detective each testified, and portions of their body-worn-camera footage were admitted into evidence. The footage captured, in part, an interview with the complainant, B.D., at the residence and a custodial interrogation of defendant at the stationhouse. The court found the following based on this evidence.

¶ 3.    Defendant and B.D. were involved romantically and lived together on and off for several months. On the night of February 22, 2024, B.D. and defendant had been together in their apartment before defendant left. B.D. fell asleep after taking medication, including sedatives. B.D. later woke up with her pants around her ankles. She did not remember how or when her pants had been pulled down. B.D. learned that there was a video showing what had happened to her while she was unconscious the night before and, after reviewing the video, confronted defendant. Police arrived at the residence shortly thereafter.

¶ 4.    The police interviewed defendant after he waived his Miranda rights. Defendant said that when he returned to the residence the previous night, B.D. was asleep, fully clothed, and under the covers. He knew that she had taken medication. Defendant, however, suspected B.D. was cheating on him and searched B.D.'s phone for evidence of infidelity. He then pulled B.D.'s pants down to her ankles and examined her anus for evidence of anal sex. Defendant determined based on his observations that B.D. had recently engaged in anal sex. Defendant checked B.D.'s pulse to make sure she was alive. He said that she was responsive but not coherent. Defendant

then tried to penetrate B.D.'s anus with his penis but could not despite multiple attempts to facilitate penetration. He ultimately concluded that B.D. was not awake enough for anal sex. Defendant videotaped a portion of the encounter using B.D.'s phone.[1]

¶ 5. Based on these findings the trial court found that the evidence that defendant engaged in a sexual act without consent against B.D was great. The court rejected defendant's argument that no admitted evidence corroborated his confession. It concluded that B.D.'s statements that she woke up with her pants around her ankles and did not remember what had happened sufficiently corroborated defendant's confession, as did the parties' and the witnesses' statements about the video's contents. The court analyzed the factors in 13 V.S.A. § 7554 and exercised its discretion to hold defendant without bail.[2] This appeal followed.

¶ 6. Defendant renews his contention that under the corpus delicti rule, which requires some independent corroborating evidence of the crime where the case is based solely on a confession, the State has failed to meet its burden to offer evidence corroborating defendant's confession. He attacks several findings relating to the video as clear error. In the alternative, he argues that the twenty-seven days it took for the court to hold the continued WOE hearing deprived him of due process. He alleges that he had a candidate to supervise him during pretrial release ready for the court to consider on March 1, but could not arrange for that person to attend the March 28 hearing.

¶ 7. We hold that B.D.'s sworn statements to police sufficiently corroborate defendant's confession without considering the contents of the video defendant allegedly made. For this reason, we do not reach his arguments attacking the court's findings relating to the video as clear error. We also conclude that defendant has failed to preserve his objection to any prejudice arising from the continuation of the WOE hearing.

¶ 8. With few exceptions, defendants are presumed to be bailable in Vermont. State v. Main, 2022 VT 18, ¶ 10, 216 Vt. 605, 279 A.3d 113 (mem.). However, in cases where the crime is punishable by life imprisonment and the evidence of guilt is great, "the presumption is switched so that the norm is incarceration and not release." State v. Hardy, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.) (discussing 13 V.S.A. § 7553). "In determining whether the evidence of guilt is great, we consider whether substantial, admissible evidence of guilt, taken in the light most favorable to the State, can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." Id. ¶ 10 (citing State v. Duff, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989)). If the presumption in favor of incarceration arises, as here, the court must exercise its discretion to determine whether to release the defendant. Main, 2022 VT 18, ¶ 10. "As long as the trial court gives the defendant an opportunity to be heard, the trial court's discretion is

---

[1] The court made more granular findings about the contents of the video based on B.D.'s statements, defendant's statements, and the officers' testimony. The State did not proffer the video at the WOE hearing and the court sustained defendant's objections to strike as hearsay the portions of the body-worn-camera footage depicting the video. We need not recite the detailed findings on the video's content because we affirm the court's order without relying on the video.

[2] Defendant does not challenge this aspect of the court's decision.

extremely broad, and our review under § 7553 is strictly limited." State v. Baker, 2015 VT 62, ¶ 2, 199 Vt. 639, 116 A.3d 1192 (mem.) (quotations omitted).

¶ 9. "At common law, corpus delicti means the body of the crime." State v. FitzGerald, 165 Vt. 343, 350, 683 A.2d 10, 16 (1996). The corpus delicti of sexual assault without consent is (1) a sexual act (or attempted sexual act) with another person, and (2) without the consent of the other person. 13 V.S.A. § 3252(a)(1). Put differently, the corpus delicti is that someone committed the crime of sexual assault without consent against B.D. Defendant concedes his confession satisfies the elements.

¶ 10. "The purpose of the corpus delicti rule is to foreclose the possibility of conviction based on false confession where, in fact, no crime has been committed." FitzGerald, 165 Vt. at 350, 683 A.2d at 16. The rule requires the court to determine whether "evidence from sources other than a defendant's admissions is sufficient to corroborate that a crime was in fact committed by someone." State v. Weller, 162 Vt. 79, 83, 644 A.2d 839, 842 (1994). "The corroborating evidence need not independently prove commission of the crime beyond a reasonable doubt, however; even slight corroboration may be sufficient." FitzGerald, 165 Vt. at 350, 683 A.2d at 16.

¶ 11. We conclude that B.D.'s sworn statements[3] sufficiently corroborate defendant's confession. In her statements to the police officer, B.D. said that she "couldn't have woken up more than thirty minutes ago." She stated that she had been "unconscious," saw defendant "standing there naked" when she woke up, and that her "pants were around [her] . . . ankles." B.D. said that she "ha[d] never felt so violated in [her] life" and that she experienced pain described as a "three" on a scale of one-to-ten. While the State concedes that B.D.'s statements do not themselves satisfy the elements of the charge, they are more than enough to corroborate defendant's confession. See Weller, 162 Vt. at 82, 644 A.2d at 841 (affirming trial court's refusal to instruct jury that it could not convict defendant for crime of arson on basis of his confession alone where defendant conceded that arson investigator's testimony that fire had "criminal origin" corroborated corpus delicti). B.D.'s statements need not independently prove the commission of the crime, much less the commission of the crime by defendant. Taken together, defendant's confession and B.D.'s sworn statements constitute substantial, admissible evidence that could lead a reasonable jury to conclude that defendant is guilty of the charge. See State v. Rivera-Martinez, 2021 VT 96, ¶¶ 10-12, 216 Vt. 580, 273 A.3d 655 (mem.) (affirming trial court's conclusion that State had met its burden under § 7553 to show that it had substantial, admissible evidence where defendant conceded to committing acts that satisfied elements of charge and complainant's statements to police corroborated defendant's confession given to police and disclosed in text messages). We need not reach defendant's challenges to the court's findings relating to the video because we affirm without considering the video at all.

¶ 12. Defendant alternatively argues that he was prejudiced by the twenty-seven-day continuance of the WOE hearing. He has not preserved this argument for our review. At the close

---

[3] Sworn oral statements can be the "functional equivalent[s] of an affidavit." State v. Hugerth, 2018 VT 89, ¶ 7, 208 Vt. 657, 194 A.3d 1189 (mem.). Evidence may be presented by affidavit at a WOE hearing. Id. ¶¶ 7-8.

of the State's evidence during the continued hearing on March 28, the court asked defense counsel whether he had any evidence to offer. Defense counsel responded that he had had a person ready to testify as to her fitness to supervise defendant on release pursuant to 13 V.S.A. § 7554(a)(1)(A) on March 1, but he was not able to arrange to have that person attend the March 28 hearing. Defense counsel then said, "I really just had argument but would want to reserve to present—well, if the court rules against us today, we would offer that person or another person at a future date in relation to our release plan."

¶ 13. Defense counsel's statement that he wanted to reserve an opportunity to present a witness at a future date falls short of the rule that objections must be preserved for our review. See State v. Spooner, 2010 VT 75, ¶ 19, 188 Vt. 356, 8 A.3d 469 (holding that objection not preserved where counsel "voluntarily agreed" not to recall witness for purpose of cross-examination with respect to witness's recorded statements). Defendant did not present an objection to the trial court with "specificity and clarity." State v. Ben-Mont Corp., 163 Vt. 53, 61, 652 A.2d 1004, 1009 (1994) ("To properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it."). It was reasonable for the trial court to assume that defendant was not objecting to the twenty-seven-day delay as prejudicial to him per se, but that he was holding out the right to present a witness at some point in the future as part of his pretrial release plan.

¶ 14. Of course, nothing in our decision today prevents defendant from moving the court to release him pursuant to § 7554(a)(1)(A) and presenting a witness in support of such a motion.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

4