ENTRY ORDER
2021 VT 62
SUPREME COURT DOCKET NO. 2021-158
AUGUST TERM, 2021

| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| Tariq Vialet | } | |
| | } | DOCKET NO. 21-CR-04626 |
| | | |
| | | Trial Judge: Martin A. Maley |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Tariq Vialet appeals the trial court's July 15, 2021 decision to hold him without bail under 13 V.S.A. § 7553.  He argues that the court failed to adequately consider the § 7554 factors in its analysis.  Specifically, he contends that the court did not address the strength of the State's evidence, especially with respect to the element of intent and the potential defense of self-defense.  He also argues that the court did not discuss the proposal to designate defendant's girlfriend as a responsible adult or the girlfriend's testimony related to defendant's ties to Vermont.  We affirm.

¶ 2.     The record indicates the following.  On June 17, 2021, defendant was arraigned on charges of attempted second-degree murder, 13 V.S.A. § 2301, and aggravated assault, id. § 1024(a)(1).  A charge of attempted second-degree murder carries a maximum sentence of life imprisonment.  The affidavit of probable cause alleged that defendant discharged a firearm within feet of the complaining witness after assaulting him on a street in downtown Burlington. The incident was captured on surveillance cameras affixed to the exterior of Burlington City Hall.

¶ 3.     The State moved to hold defendant without bail pursuant to 13 V.S.A. § 7553. Under § 7553, the court may hold a person without bail if the person is "charged with an offense punishable by life imprisonment" and the court finds that "the evidence of guilt is great."  To determine whether the evidence of guilt is great, "the trial court applies the standard of proof articulated in Rule 12(d) of the Vermont Rules of Criminal Procedure."  State v. Auclair, 2020 VT 26, ¶ 3, 211 Vt. 651, 229 A.3d 1019 (mem.) (quotation omitted).  Once the court determines that the weight of the evidence is "great"—that is, the evidence satisfies Rule 12(d)—a presumption against release arises, and the burden shifts to the defendant to present evidence that persuades the court to set bail or conditions of release.  Id. ¶ 16.  The court must then exercise its discretion to determine whether to set bail or conditions of release pursuant to the factors in § 7554.  State v. Morris, 2008 VT 126, ¶ 2, 185 Vt. 573, 967 A.2d 1139 (mem.).  Those factors include: the nature and circumstances of the offense charged, the weight of the evidence against

the accused, and the accused's employment, financial resources, character and mental condition, ties to the community, record of convictions, and record of appearance at court proceedings. 13 V.S.A. § 7554(b). "The court's discretion is extremely broad, but its decision cannot be arbitrary." Morris, 2008 VT 126, ¶ 2.

¶ 4. At the weight-of-the-evidence hearing on July 8, 2021, defendant did not primarily challenge the weight of the evidence, but instead argued that the court had to consider the strength of the State's evidence in its § 7554 analysis, citing an unpublished entry order by three Justices of this Court in Auclair, 2020 VT 26. The State submitted video exhibits from the cameras at Burlington City Hall that had recorded the incident and called one witness—Detective Stoughton, the investigating officer—who testified to the context of the videos. After the State rested, defendant called his girlfriend to testify, and she stated that she lived in St. Albans and was willing to act as a responsible adult for defendant. She also testified that she had been dating defendant for a year and had taken steps to help defendant get a job.

¶ 5. On July 15, 2021, the court issued a written decision holding defendant without bail under 13 V.S.A. § 7553 and declining to release defendant on bail or conditions under § 7554. The court first found that the evidence of guilt was "great" as to the attempted second-degree murder charge under § 7553 and Rule 12(d) and that defendant had no constitutional right to bail. It then looked to the factors in § 7554 to determine whether to nonetheless exercise its discretion to grant bail. The court concluded that "the nature and circumstances of the charged crime weigh heavily against release." In particular, it emphasized that defendant was charged with firing a weapon on a public street in the presence of multiple bystanders, one of whom was struck by a bullet fragment; it determined that defendant submitted no evidence of family ties, finances, or length of residence in the community. The court recognized that defendant turned himself in, but noted that he did so nine days after the incident. The court found the "actual violence demonstrated in the video evidence" weighed negatively against defendant's character and mental condition. Defendant appealed.

¶ 6. On appeal, defendant does not challenge the court's finding that the weight of the evidence is "great" under § 7553, but argues that the court failed to consider the § 7554 factors in its analysis—specifically the weakness of the State's case relating to self-defense and the element of intent to kill, as well as defendant's ties to Vermont and the proposal to designate his girlfriend as a responsible adult. We conclude that the court did not abuse its discretion in this case and affirm, addressing defendant's specific arguments below.

¶ 7. First, we clarify the law with respect to defendant's argument that the court did not consider the strength of the State's case in its § 7554 analysis. In Auclair, the defendant, appealing a § 7553 hold-without-bail order, similarly argued that the trial court "ignored the weakness of the State's case" and should have assessed the credibility of its witness as part of its assessment of "the weight of the evidence against the accused" under § 7554(b). 2020 VT 26, ¶ 15 (quotation omitted). We clarified that, in the context of a § 7553 weight-of-the-evidence hearing, "weight of the evidence" generally refers to whether the State has met its burden under § 7553 to establish that the evidence of guilt is "great." Id. ¶ 16. But, in the context of conducting a § 7554(b) analysis, the "weight of the evidence" may also refer to the "relative strength of the State's case against the defendant." Id. ¶ 18 (emphasis added). In this latter context, we said that "the trial court is not bound to the Rule 12(d) standard, and could consider the credibility of the State's witnesses and modifying evidence in exercising its discretion." Id. (emphasis added). The trial court indeed has broad discretion in analyzing the weight of the

evidence under § 7554(b). See id.; State v. Henault, 2017 VT 19, ¶ 7, 204 Vt. 628, 167 A.3d 892 (mem.)

¶ 8.    Although the court did not specifically address the issues of self-defense and intent in its § 7554(b) analysis, there was sufficient evidence it relied on in considering other factors such that we cannot conclude it abused its discretion. As to the "nature and circumstances of the offense," the court emphasized the dangerous and violent manner in which the incident appeared to have occurred—in public, near multiple bystanders. 13 V.S.A. § 7554(b). And, with respect to defendant's "character and mental condition," the court noted that the actual violence it saw in the video weighed against defendant. Id.

¶ 9.    With respect to the other factors defendant argues the trial court failed to assess, "we have never required that the court recite each of those factors in the exercise of its broad discretion to release a defendant to whom no presumption in favor of release applies." State v. Blodgett, 2021 VT 47, ¶ 27, __Vt.__, __A.3d__ (mem.). Though, as we have said before, the best practice is to do so. Auclair, 2020 VT 26, ¶ 21; see also Blodgett, 2021 VT 47, ¶ 27 (stating court "could have been more explicit in connecting its findings to the § 7554(b) factors," but rejecting that court is required to recite its analysis of each).

¶ 10.    Nonetheless, the court's consideration of the § 7554(b) factors and its reasoning for declining to set bail in this case do not demonstrate an abuse of discretion. Although defendant presented evidence that his girlfriend was willing to act as a responsible adult and that he had a potential job opportunity, he presented no evidence of other ties to the community or his history of appearing at court proceedings. Moreover, he did not present evidence that he had actually accepted a job, or of other factors undermining the presumption of detention arising from the weight-of-the-evidence determination. While the State did not put on any evidence related to the § 7554(b) factors, it was defendant's burden to persuade the court to exercise its discretion to release him on bail or conditions. The court explained that it weighed the dangerous nature and circumstances of the offense heavily in this case. Although it did not explicitly address what evidence defendant did present through his girlfriend's testimony, it is clear that the court determined that whatever assurance her testimony offered did not outweigh the court's concerns based on the circumstances of the crime.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Beth Robinson, Associate Justice

Karen R. Carroll, Associate Justice