**ENTRY ORDER**
2022 VT 18
SUPREME COURT DOCKET NO. 22-AP-056
APRIL TERM, 2022

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Christopher Main | } | Case No. 21-CR-07544 |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Christopher Main appeals the trial court's decision denying his motion to review a hold-without-bail order issued under 13 V.S.A. § 7553.  He argues that the court abused its discretion by failing to consider the relative strength of the State's case as a factor favoring discretionary release.  We affirm.

¶ 2.     Defendant was charged with heroin trafficking, possession of cocaine, and dispensing heroin with death resulting.  Each count is a felony.  Defendant had previously been convicted of three or more felonies, so he faces life imprisonment under the habitual-offender enhancement if convicted of another felony.  See 13 V.S.A. § 11.

¶ 3.     The State moved to hold defendant without bail under 13 V.S.A. § 7553 and the court held a hearing to consider the weight of the evidence on October 11, 2021.  In its written order, the court found the following.  On the afternoon of September 6, 2021, the Bennington police responded to an emergency call at a residence, where a woman was found unresponsive next to a hypodermic needle, a spoon with white residue, and a phone.  After the officers attempted life-saving measures, the woman was pronounced dead.  The police reviewed messages on the phone and saw that the decedent had been messaging another woman, K.S., on Facebook requesting heroin that morning.  At some time in the morning on September 6, the decedent had gone to defendant's home in Bennington and bought heroin.

¶ 4.     Later in the day on September 6, the Bennington police obtained a search warrant and searched defendant's home.  They found defendant, K.S., and defendant's two neighbors at the residence.  They located several grams of cocaine and heroin, as well as drug paraphernalia and six cell phones.  In an interview, K.S. explained that she had been staying with defendant for approximately one month and buys drugs from defendant.  K.S. stated that on the morning of the decedent's death, she had been asleep until 1 p.m., but later said that it was 11 a.m., and that defendant had used her phone and Facebook account to coordinate the sale with the decedent.  The

court found that defendant, not K.S., had been messaging the decedent to set up the sale and sold her the heroin.

¶ 5. Considering this evidence, the court found that the evidence of guilt was great as to the charges of heroin trafficking and cocaine possession.* The court then considered whether it should exercise its discretion to release defendant. Defendant proposed that the court permit him to return to his residence with a curfew. Defendant's mother, who lives near defendant, testified that she was willing to serve as a responsible person and check in on him daily to ensure that he was complying with any conditions of release. She explained that she visited defendant regularly before he was arrested but she was unaware of any drug activity occurring at his home.

¶ 6. The court considered the factors listed in 13 V.S.A. § 7554(b). It found that defendant did not pose a risk of flight to avoid prosecution. It also found that certain factors weighed in favor of release, particularly defendant's strong ties to the area and the fact that he owns his home. However, the court found that those factors were outweighed by the presumption of incarceration, the nature and circumstances of the charges, and his criminal history. The court noted that defendant's home was the location from which he was alleged to be selling drugs and that defendant had a significant criminal history of possessing and selling drugs. Given these factors, it determined that no conditions of release could protect the public from risk of harm from ongoing criminal activity. Further, because defendant's mother testified that she was unaware of any drug activity at defendant's residence, the court found that her supervision would not reduce the risk to the public. Accordingly, it ordered defendant to be held without bail under 13 V.S.A. § 7553.

¶ 7. Defendant moved for bail review on January 3, 2022. He proposed supervision under a different responsible adult, David Stryker. The court held a hearing on defendant's motion on January 12, at which Mr. Stryker testified. The court subsequently issued an order denying defendant's motion. It found that Mr. Stryker was a long-time friend and colleague of defendant who worked in construction. He worked outside of his home three days per week and had authority to hire employees for some projects so it was possible that he could hire defendant. He was willing to have defendant released into his custody in his home, or to move in with defendant to supervise him. The court determined that because Mr. Stryker worked outside the home for several days each week and because he only had hiring authority on some projects, there would still be substantial time periods where defendant would not be supervised. The court concluded that this arrangement would not protect the public.

¶ 8. Defendant moved again for bail review on January 31, 2022. He explained that following the court's previous order, Mr. Stryker determined that he could perform planned work on defendant's residence, which had previously been scheduled for later that year, and could thus supervise defendant at all hours, every day. The court held a hearing on February 8, at which Mr. Stryker again testified. After his testimony concluded, defendant's counsel explained that defendant wanted to emphasize the inconsistencies in K.S.'s affidavit. Defendant told the court that although K.S. said in the affidavit that she woke up later and that defendant sold the drugs to

---

* The court concluded that the weight of the evidence was not great as to the charge of heroin distribution with death resulting because the State did not present expert testimony on the cause of the decedent's death.

the decedent, K.S. spoke to the decedent and sold her the drugs. The court told defendant that he appreciated what defendant was trying to say but that this evidence was not relevant for purposes of the bail-review motion. It explained that the purpose of the hearing was "not for [the court] to reweigh the evidence as to guilt or innocence" but to "take the evidence in the light most favorable to the State, excluding modifying evidence." The court subsequently issued an order denying defendant's motion. The court maintained that Mr. Stryker's proposed supervision could not protect the public because drug transactions occur quickly and unobtrusively, and Mr. Stryker could not realistically supervise defendant 24/7 in an effective manner.

¶ 9. Defendant appeals. He solely challenges the court's discretionary decision not to release him on bail. He argues that the court erred by failing to consider the relative strength of the State's case in considering the § 7554(b) factors regarding discretionary release and by telling defendant that this analysis was not relevant. He contends that the familiarity of the language used in the messages soliciting heroin suggests that the conversation was held between two women friends and not between the decedent and defendant, who were not known to be friends. He also argues that there are several inconsistencies in the affidavit, including whether K.S. was awake and present at the drug transaction with the decedent. He contends that had the court considered this evidence, the record would have supported the imposition of discretionary bail.

¶ 10. The Vermont Constitution and its implementing statutes presume that bail shall be granted except in limited circumstances, including where a person is charged with an offense punishable by life imprisonment and the evidence of guilt is great. Vt. Const. ch. II, § 40; 13 V.S.A. § 7553. The evidence of guilt is great if substantial, admissible evidence, viewed "in the light most favorable to the State, can fairly and reasonably convince a fact-finder beyond a reasonable doubt that a defendant is guilty." State v. Hardy, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.). This is the same standard articulated in Vermont Rule of Criminal Procedure 12(d). Id.; see State v. Duff, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989) (adopting Criminal Rule 12(d) standard for § 7553 analysis). If the Rule 12(d) standard is met, the presumption of bail reverses and "a presumption arises in favor of incarceration." State v. Henault, 2017 VT 19, ¶ 3, 204 Vt. 628, 167 A.3d 892 (mem.) (quotation omitted). The trial court must then "exercise its discretion in determining whether or not to impose bail and conditions of release." State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.). "The court's discretion is extremely broad, but its decision cannot be arbitrary." Id. Accordingly, our review of these discretionary decisions is narrow and "strictly limited to whether there was an abuse of discretion." State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204 (quotation omitted).

¶ 11. In a § 7553 analysis, we have explained that when a court determines whether to exercise its discretion to release a defendant on bail, the court "may look to the factors listed in 13 V.S.A. § 7554(b)." State v. Auclair, 2020 VT 26, ¶ 3, 211 Vt. 651, 229 A.3d 1019 (mem.). The factors include "the weight of the evidence against the accused." 13 V.S.A. § 7554(b). In Auclair, we distinguished between two uses of the "weight of the evidence" factor in a discretionary-release analysis. We explained that in one sense, "the court's analysis of the § 7554(b) factor relating to the 'weight of the evidence against the accused' is contained within its § 7553 finding that the evidence of guilt is great." Auclair, 2020 VT 26, ¶ 16 (quoting 13 V.S.A. § 7554(b)). Because this analysis is tied to the § 7553 finding, the Rule 12(d) standard applies, meaning that the court views the evidence in the light most favorable to the State and excludes modifying evidence. Id. In the context of a § 7554(b) analysis, however, we explained that "the weight-of-the-evidence

factor can also refer to the relative strength of the State's case against the defendant." Id. ¶ 18. "In this context, the trial court is not bound to the Rule 12(d) standard, and [can] consider the credibility of the State's witnesses and modifying evidence in exercising its discretion." Id.

¶ 12.    While the court may consider the relative strength of the State's case in determining whether to set discretionary bail, it is not required to do so. In considering discretionary release under § 7553, we have emphasized that courts are not compelled to consider each of the § 7554(b) factors as § 7554(b) does not explicitly apply to the discretionary-release analysis. Henault, 2017 VT 19, ¶ 8; see also Auclair, 2020 VT 26, ¶ 21 (explaining that while "it may be best practice to do so," courts need not consider each § 7554(b) factor when considering discretionary release).

¶ 13.    Our prior decisions explain that a court's decision not to consider the relative strength of the State's case is within its discretion if the court has otherwise articulated a sufficient basis to detain the defendant. See State v. Vialet, 2021 VT 62, ¶ 8, __ Vt. __, 261 A.3d 642 (mem.) (finding no abuse of discretion where court relied on nature and circumstances of offense in declining to set discretionary bail); State v. Blow, 2020 VT 106, ¶¶ 20-21, __ Vt. __, 251 A.3d 517 (mem.) (finding no abuse of discretion where court relied on nature and circumstances of offense, record of convictions, and evidence of risk of flight in declining to set discretionary bail). We have further explained that in a § 7553 case where the evidence of guilt is great, "a trial court's decision to hold a defendant without bail is not arbitrary as long as it reasonably serves the interests of mitigating the risks of flight and danger to the public." State v. Shores, 2017 VT 37, ¶ 22, 204 Vt. 630, 168 A.3d 471 (mem.); see also State v. Collins, 2017 VT 85, ¶ 17, 205 Vt. 632, 177 A.3d 528 (providing that court "must articulate some legitimate government interest in detaining defendant so that this Court can be assured that defendant is not being arbitrarily detained" (quotation omitted)). We will only conclude that the court has abused its discretion in declining to set discretionary bail if it "failed to exercise its discretion, or exercised it for reasons clearly untenable, or to an extent clearly unreasonable." State v. Cushing, 2015 VT 114, ¶ 3, 200 Vt. 646, 128 A.3d 896 (mem.) (quotation omitted).

¶ 14.    Accordingly, we discern no abuse of discretion in the court's decision not to analyze the relative strength of the State's case. Even if the court erred by telling defendant that the relative strength of the State's case was not relevant to the § 7554(b) analysis, it was not required to consider the relative strength of the case, nor was it required "to discount witnesses' testimony based on credibility." Auclair, 2020 VT 26, ¶ 19.

¶ 15.    The record indicates that the court laid out a sufficient basis for detention. The court noted that some factors weighed in favor of release, including defendant's strong ties to the area, and it found that defendant did not pose a risk of flight to avoid prosecution. On the other hand, it observed that defendant is charged with three offenses potentially punishable by life imprisonment, including a charge that his sale of heroin resulted in the death of another person. It also noted that defendant has a long criminal history, including prior convictions for drug distribution and assault, and concluded that defendant posed a risk to the public. The court considered defendant's several proposals for supervision by his mother or Mr. Stryker. It ultimately determined that these conditions would not mitigate defendant's risk of danger to the public and declined to exercise its discretion to impose bail.

4

¶ 16.    In sum, the record provides no indication that the court's decision was arbitrary, and we therefore conclude that the court did not abuse its discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice