**ENTRY ORDER**

2023 VT 62

SUPREME COURT CASE NO. 23-AP-374

NOVEMBER TERM, 2023

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Michael Blaisdell | } | CASE NO. 23-CR-09565 |

Trial Judge: Cortland Corsones

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Michael Blaisdell appeals from the trial court's order to hold him without bail pursuant to 13 V.S.A. § 7553. Defendant argues that the court abused its discretion in assessing whether to hold defendant without bail pursuant to § 7553. He further contends that the court improperly refused to consider proposed conditions of release, including that he be released into the custody of his romantic partner. We affirm.[*]

¶ 2.     The record reveals the following. On September 28, 2023, defendant was charged with two counts of aggravated sexual assault of a child in violation of 13 V.S.A. § 3253a(a)(8), an offense punishable by life imprisonment. The charges were based on allegations that defendant repeatedly assaulted two of his minor children. At his arraignment, defendant pleaded not guilty and the court granted the State's request to hold defendant without bail pending a weight-of-the-evidence hearing. On October 11, 2023, the court held a hearing during which defendant stipulated that the weight of the evidence against him was great. Defendant reserved the right to petition the court to nonetheless be released with conditions.

¶ 3.     On October 31, 2023, defendant exercised that right and filed a motion seeking to be conditionally released. In that motion, defendant acknowledged his stipulation that the weight of the evidence against him is great and, consequentially, that there was a presumption against release. Defendant sought to be released to the custody of his romantic partner who he proposed as a "Condition 4" responsible adult for purposes of 13 V.S.A. § 7554(a)(1)(A). Defendant also indicated that he would submit to any other reasonable conditions such as daily check-ins at the sheriff's department and a curfew. In support, defendant asserted that he and his partner are at risk of losing their personal belongings after their rental home was condemned by the Vermont

_____
   [*] The Court commends both counsel in this matter for timely submitting all of the necessary materials in an expedited manner and being available for oral argument in a condensed timeline, especially during a holiday period.

Department of Health and that his presence was necessary to assist in retrieving those items. He also cited his limited criminal history of three nonviolent misdemeanors and the absence of any history of violating conditions of release or terms of probation.

¶ 4. The court held a hearing on defendant's motion where the State requested that defendant be held without bail pursuant to 13 V.S.A. § 7553. At that hearing, the court heard testimony from defendant's partner and heard arguments from the State and defendant. On November 8, 2023, the court issued a written decision denying defendant's motion to be released with conditions and ordering defendant be held without bail pursuant to § 7553. It noted that because defendant had stipulated that the weight of the evidence against him was great, the court's focus would be on whether it should exercise its discretion to release defendant notwithstanding the statutory presumption in favor of holding defendant without bail.

¶ 5. To make that discretionary decision, the court made findings of fact based on the testimony of defendant's partner. The court found that defendant and his partner had been in a romantic relationship for eighteen years and resided together for sixteen years. Defendant and his partner had three children together, two of whom were the alleged victims of the underlying charges. Defendant's alleged assaults of the two minor children occurred while he and his partner resided together. Defendant mentally and emotionally abused his partner in the past, although their relationship had recently improved. Both struggled with substance abuse, and defendant's partner had been undergoing treatment for her substance abuse since early October 2023. She was not employed at the time of the hearing and resided at a motel through a State-provided housing voucher. Prior to that, defendant's partner resided in a rental home until that home was condemned due to water damage, and she still had personal property in that residence. The children were living with her parents, and she continued to have contact with them. If defendant was released into his partner's custody, his partner asserted that she would report violations of any conditions to the authorities.

¶ 6. With these facts in mind, the court evaluated defendant's request guided by the factors set forth in 13 V.S.A. § 7554(b). Pursuant to that analysis, the court concluded: defendant was facing "two very serious charges" and the nature of those charges were "very concerning" given that he was alleged to have taken "advantage of his parental role over his minor daughters to . . . assault them"; the weight of the evidence of guilt is great; defendant was not currently employed; defendant's financial resources and ability to post bail appeared to be minimal; although defendant did not have a history of violence or threats of violence beyond the current charges, he suffered from substance-abuse issues; although defendant had family ties to the Rutland County area and his children resided there, he would not be allowed to have contact with two of his children; defendant was a long-term resident of the community; defendant did not have a history of failing to appear for court proceedings and had no history of flight; and defendant had a history of convictions, but none involving physical violence, crimes of a sexual nature, or violating court orders.

¶ 7. After "carefully consider[ing] each of the relevant factors" under § 7554 in conjunction with the presumption in favor of incarceration, the court concluded that defendant had failed to overcome that presumption. It reasoned that holding defendant without bail was "necessary for public protection," particularly to protect the two minor children that defendant allegedly assaulted. The court also added its concern that the charges involved defendant taking

advantage of "his position of trust to sexually assault his two minor daughters" and that defendant's substance-abuse issues had not been adequately addressed.

¶ 8. The court also responded to defendant's proposal that he be released into the custody of his partner. The court stated that although defendant's partner was well-intentioned, it doubted her ability to effectively supervise and report any violations committed by defendant given that the alleged assaults occurred when the children and defendant resided together with her. That concern was highlighted by the fact that she continued to see the children. The court also expressed concern regarding her substance-abuse treatment, which she had only recently begun, and concluded that defendant's presence in her home—"a person who has mentally and emotionally abused her in the past"—would "jeopardize[] her recovery and her ability to effectively protect [the two alleged victims] from further abuse."

¶ 9. This appeal requires us to examine the trial court's decision to hold defendant without bail pursuant to 13 V.S.A. § 7553. Under that provision, a trial court may hold a person without bail when that person is charged with an offense punishable by life imprisonment and when the evidence of guilt is great. If those two conditions are met, "a presumption against release arises, and the burden shifts to the defendant to present evidence that persuades the court to set bail or conditions of release." State v. Vialet, 2021 VT 62, ¶ 3, 215 Vt. 648, 261 A.3d 642 (mem.). Once that presumption arises, "the court has 'extremely broad' discretion in determining whether to hold defendant without bail or to release defendant with conditions" so long as that discretion is not exercised arbitrarily. State v. Shores, 2017 VT 37, ¶ 20, 204 Vt. 630, 168 A.3d 471 (mem.) (quoting State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.)). Thus, we review such determinations for an abuse of discretion. State v. Collins, 2017 VT 85, ¶ 8, 205 Vt. 632, 177 A.3d 528 (mem.).

¶ 10. This Court has repeatedly held that a trial court may look to the factors delineated in 13 V.S.A. § 7554(b) to determine if a defendant should be granted bail in spite of the presumption in favor of incarceration. State v. Welch, 2022 VT 65, ¶ 8, __ Vt. __, 296 A.3d 126 (mem.); State v. Henault, 2017 VT 19, ¶ 4, 204 Vt. 628, 167 A.3d 892 (mem.). As defendant correctly concedes, a trial court is not obligated to refer to the § 7554(b) factors in exercising its discretion under § 7553. But if a court decides to do so, it is not required to engage every § 7554(b) factor "as § 7554(b) does not explicitly apply to the discretionary-release analysis." State v. Main, 2022 VT 18, ¶ 12, 216 Vt. 605, 279 A.3d 113 (mem.).

¶ 11. In this appeal, defendant does not challenge his stipulation that the weight of the evidence of guilt is great. Instead, he takes issue with the trial court's analysis of the factors set forth in 13 V.S.A. § 7554 and contends that the court abused its discretion by failing to adequately engage each § 7554(b) factor and ignoring evidence proffered by defendant.

¶ 12. Defendant's arguments are belied by the record. In its decision, the trial court made explicit findings of fact sourced from the testimony of defendant's partner. It relied upon those findings when it weighed the § 7554(b) factors. And although it was not required to, the trial court evaluated each and every § 7554(b) factor based upon its findings. In deciding to hold defendant without bail, the court was unmistakably concerned with the "extremely serious crimes" that defendant was charged with and his history of substance abuse, thus placing substantial weight on the first and sixth factors. Although the court listed evidence for other factors that would favor

3

release, it evidently found those factors to be insufficient to overcome the presumption that defendant be held without bail. See Vialet, 2021 VT 62, ¶ 8 (holding no abuse of discretion where court relied on nature and circumstances of charged offense and defendant's character and mental condition).

¶ 13.    The fact that the court did not engage in an extended discussion of each factor is not an indication that it abused its discretion. See State v. Auclair, 2020 VT 26, ¶ 21, 211 Vt. 651, 229 A.3d 1019 (mem.) ("While the trial court could have provided a more detailed analysis of the 13 V.S.A. § 7554(b) factors, its discussion of the multiple significant factors that were central to its analysis was sufficient."). The same is true of the court's failure to recite every bit of testimony favorable to defendant, since "it is clear that the court determined that whatever assurance [his partner's] testimony offered did not outweigh the court's concerns based on the circumstances of the crime." Vialet, 2021 VT 62, ¶ 10.

¶ 14.    Defendant also argues that the court erred in refusing to accept his partner as a responsible adult on the ground that it did not believe she could prevent any and all future harm, asserting that this is an impossible standard for a custodian to meet. We are not persuaded. Her failure to detect the alleged assaults when she, defendant, and their children resided together is obviously relevant to whether she was capable of properly supervising defendant, ensuring compliance with any conditions of release, and promptly reporting noncompliance. Far from requiring defendant's partner to prevent any and all future harm, the court's attention was focused on whether she could prevent particularized harm to their children, specifically the two children that defendant allegedly assaulted. Its doubt that defendant's partner could perform that function was heightened by additional concerns, namely, her continued contact with their children, her relatively recent start to receiving substance-abuse treatment, and defendant's history of emotionally and mentally abusing her. In combination, these concerns are clearly germane to whether defendant's partner could adequately supervise defendant in her home and report any violations.

¶ 15.    Finally, defendant claims that the court abused its discretion when it refused to consider any other conditions of release, such as a daily check-in with the sheriff's department and a twenty-four-hour curfew. This claim fails primarily because defendant, not the trial court, has the burden to defeat the presumption against release. Auclair, 2020 VT 26, ¶ 24 (observing that in § 7553 case where evidence of guilt is great, "the burden is on defendant to persuade the court that discretionary release is warranted"); see also Vialet, 2021 VT 62, ¶ 10 ("While the State did not put on any evidence related to the § 7554(b) factors, it was defendant's burden to persuade the court to exercise its discretion to release him on bail or conditions."). According to the trial court, defendant did not satisfy that burden.

¶ 16.    As this Court has previously noted, "[t]he touchstones for evaluating the trial court's exercise of discretion under § 7554 are the State's interests in mitigating risk of flight and risk of danger to the public." Shores, 2017 VT 37, ¶ 22. When that evaluation takes place "in a § 7553 case, where the evidence of guilt is great, a trial court's decision to hold a defendant without bail is not arbitrary as long as it reasonably serves the interests of mitigating the risks of flight and danger to the public." Id. Based upon the record, such is the case here. The court expressly found that holding defendant without bail "is necessary for public protection, particularly to protect" the

two minor children that defendant allegedly sexually assaulted. We can discern no abuse of discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice