**ENTRY ORDER**

2024 VT 37

SUPREME COURT CASE NO. 24-AP-153

JUNE TERM, 2024

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| | } | |
| Jaiden Green | } | CASE NO. 24-CR-02815 |

Trial Judge: Navah Spero

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Jaiden Green appeals the trial court's decision to hold him without bail under 13 V.S.A. § 7553 rather than release him into the custody of responsible adults.  We affirm.

¶ 2.     In March 2024, defendant got into an altercation with another individual in a public area in Burlington.  During the fracas, defendant pulled out a gun, pointed it at the individual's chest, and fired; the bullet, however, struck the individual's arm and did not kill him.  Defendant fled but turned himself in to police that same day.  Two days later, defendant was charged with attempted second-degree murder in violation of 13 V.S.A. § 2301 and 13 V.S.A. § 9.  He was also charged with violating conditions of release that were imposed under 13 V.S.A. § 7554 after defendant was charged with aggravated assault for allegedly cutting a person's face with a knife in December 2023.

¶ 3.     In May 2024, the trial court held a bail hearing on the attempted second-degree murder charge.  At the hearing, defendant orally waived the weight-of-the-evidence inquiry, conceding that the evidence of guilt against him was great.  He instead requested the court exercise its discretion to release him into the custody of two proposed responsible adults, Louis and Courtney Mongeon.  The Mongeons both testified in turn, and the trial court then issued a ruling from the bench.  The court determined that defendant was a flight risk and a danger to the community based on his young age and the seriousness of the violent charge against him.  It further concluded that, although the Mongeons appeared to be "really good responsible adults," defendant's risk of flight and the threat he imposed to the community would not be overcome by releasing him into their custody.  The trial court therefore ordered defendant held without bail. Defendant appeals.

¶ 4.     In Vermont, criminal defendants generally have a presumptive right to bail.  State v. Holland-Levine, 2024 VT 25, ¶ 8, __ Vt. __, __ A.3d __ (mem.).  In cases where, as here, the defendant's alleged crime is (1) "punishable by life in prison" and (2) the "evidence of guilt is great," "the presumption is switched so that the norm is incarceration and not release."  State v. Hardy, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.) (quotation omitted) (quoting 13 V.S.A. § 7553).  This presumption against release arises because we consider "a potential sentence

of life imprisonment as a proxy for flight risk or risk to public safety." State v. Shores, 2017 VT 37, ¶ 22, 204 Vt. 630, 168 A.3d 471 (mem.). When this presumption arises, the trial court must exercise its discretion to release the defendant or hold him without bail. Holland-Levine, 2024 VT 25, ¶ 8 (citing State v. Main, 2022 VT 18, ¶ 10, 216 Vt. 605, 279 A.3d 113 (mem.)). "As long as the trial court gives the defendant an opportunity to be heard, the trial court's discretion is extremely broad." Id. (quotation omitted).

¶ 5. Once the trial court exercises this discretion, "we review the trial court's decision on whether to deny bail in accordance with the § 7554(b) factors for an abuse of discretion." State v. Orost, 2017 VT 110, ¶ 6, 206 Vt. 657, 179 A.3d 763 (mem.) (citing State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482, 996 A.2d 204). Under § 7554(b), there are six factors that guide the trial court: (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the accused," (3) "the accused's employment[] [and] financial resources, including the accused's ability to post bail," (4) "the accused's character and mental condition," (5) "the accused's length of residence in the community," and (6) "the accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings." 13 V.S.A. § 7554(b)(1). However, the trial court need not make a rote consideration of all six factors to properly exercise its broad discretion to grant or deny bail. See State v. Ford, 2015 VT 127, ¶ 11, 200 Vt. 650, 130 A.3d 862 (mem.) ("[T]here is no requirement that a court consider all of the factors listed in § 7554 when exercising its discretion."); State v. Blow, 2020 VT 106, ¶ 20, 213 Vt. 651, 251 A.3d 517 (mem.) ("[T]he court is not required to consider all the factors listed in § 7554(b) when exercising its broad discretion to impose bail."). If the court determines that the factors favor release, it may "[p]lace the defendant in the custody of a designated person," a responsible adult, "agreeing to supervise him." 13 V.S.A. § 7554(a)(1)(A). Release, however, is the exception. Because at this stage the defendant lacks a constitutional right to bail and the presumption is "switched so that the norm is incarceration," the burden is on the defendant to prove why release is warranted. State v. Blackmer, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993); State v. Vialet, 2021 VT 62, ¶ 3, 215 Vt. 648, 261 A.3d 642 (mem.).

¶ 6. In the instant case, defendant is charged with attempted second-degree murder, which he does not dispute is a crime "punishable by life in prison." See 13 V.S.A. § 9(a) ("A person who attempts to commit . . . murder . . . shall be punished as the offense attempted to be committed is by law punishable"); 13 V.S.A. § 2303(c) ("The punishment for murder in the second degree shall be imprisonment for life."). Defendant likewise concedes that the evidence of guilt against him is great. Therefore, defendant conceded both factors necessary for the trial court to have discretion to hold him without bail under § 7553. See Hardy, 2008 VT 119, ¶ 10.

¶ 7. Nevertheless, defendant argues that the trial court abused its discretion under § 7554(b) in determining not to release defendant into the custody of the Mongeons as responsible adults. We disagree. The trial court relied on sufficient facts in finding that the § 7554(b) factors in this case favored incarceration and thus declining to release defendant into the Mongeons' custody. See Orost, 2017 VT 110, ¶ 6. Specifically, the court tacitly determined that "the weight of the evidence against the accused" weighed in favor of his incarceration by accepting defendant's concession that the evidence of guilt against him is great. The court also emphasized the risk of flight given the gravity of the violent attempted murder charge defendant faces and his young age. See State v. Benjamin, No. 24-AP-090, 2024 WL 1675367, at *2 (Vt. Apr. 16, 2024) (unpub. mem.) [https://perma.cc/Z7GA-L342] (affirming reliance on "violent nature of the charged conduct" in support of bail decision); cf. State v. Lohr, 2020 VT 41, ¶ 21, 212 Vt. 289, 236 A.3d

2

1277 (relying on defendant's advanced age and health issues as fact mitigating his risk of flight).[*] The court further noted the danger imposed to the community by releasing defendant based on the violent charges against him, for attempting to kill his victim by firing a gun in a public area, as well as his previous charge for violently attacking another person with a large knife. See Vialet, 2021 VT 62, ¶¶ 5, 8 (relying on fact that "defendant was charged with firing a weapon on a public street" to support holding him without bail); see also State v. Farnsworth, No. 23-AP-340, 2023 WL 7405071, at *3 (Vt. Nov. 3, 2023) (unpub. mem.) [https://perma.cc/X3XK-XGVQ] (relying on defendant's prior "violent offenses" to conclude he "posed a danger to the public"). Lastly, the court properly considered that release into the Mongeon's custody would not mitigate the above risks, even though they would make "good responsible adults," given defendant's violent criminal history and failure to conform to prior conditions of release—including prior violations of curfew and for possession of a gun when in the custody of a previous responsible adult. See State v. Boutwell, No. 22-AP-075, 2022 WL 1210976, at *4 (Vt. Apr. 25, 2022) (unpub. mem.) [https://perma.cc/S3DD-VKMR] ("In exercising [its] discretion, a trial court may determine, based on adequate findings, that no responsible adult, no matter how well-intentioned, could ensure the public's safety."). Defendant thus failed to meet his burden of proving why release is warranted in this case. See Vialet, 2021 VT 62, ¶ 3. We therefore find no abuse of discretion in the trial court's decision to hold defendant without bail.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice

---

[*] Defendant correctly argues that the severity of the charges a defendant faces, ungrounded from other factors related to that specific defendant, is generally an insufficient basis to conclude that a defendant is a flight risk. See State v. Messier, No. 2013-192, 2013 WL 3184843, at *2 (Vt. May 31, 2013) (unpub. mem.) [https://perma.cc/LJN7-N82F] ("In isolation, the severity of the charges would not provide a sufficient evidentiary basis for a court's conclusion that a defendant poses a flight risk."); see also State v. LeClair, No. 2017-357, 2017 WL 5989752, at *2 (Vt. Nov. 17, 2017) (unpub. mem.) [https://perma.cc/9L8K-WEJT] ("The mere accumulation of charges— even if of a serious nature—cannot be the lone basis for setting bail."). As noted above, however, the court here did not consider the severity of the charges defendant faces as its sole factor.