NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2024 VT 84

SUPREME COURT CASE NO. 24-AP-348

DECEMBER TERM, 2024

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit |
| | } | Criminal Division |
| | } | |
| Charles Stroble | } | CASE NO. 24-CR-05273 |

Trial Judge: John R. Treadwell

In the above-entitled cause, the Clerk will enter:

¶ 1. Defendant Charles Stroble appeals the trial court's decision denying his motion to strike a hold-without-bail order issued under 13 V.S.A. § 7553 and release him on conditions. Defendant argues that the court abused its discretion in denying the motion because defendant identified a responsible adult to supervise him, and defendant is not a flight risk or a risk to public safety. We affirm.

¶ 2. Under 13 V.S.A. § 7553, a defendant may be held without bail if (1) the offense charged is punishable by life imprisonment and (2) the evidence of guilt is great. If the State meets this initial burden, a presumption of incarceration arises because of the risk of flight or the risk to public safety. State v. Shores, 2017 VT 37, ¶ 22, 204 Vt. 630, 168 A.3d 471 (mem.). The defendant then has the burden to persuade the trial court to use its discretion to release the defendant or set bail. State v. Auclair, 2020 VT 26, ¶ 16, 211 Vt. 651, 229 A.3d 1019 (mem.). The court's discretion is extremely broad, and our review is strictly limited, so long as the court "gives the defendant an opportunity to be heard." State v. Holland-Levine, 2024 VT 25, ¶ 8, __ Vt. __, 316 A.3d 227 (mem.) (quotation omitted). In making its decision, the court may look to the factors in 13 V.S.A. § 7554(b) for guidance, though the court is not obligated to consider the factors, nor is it required to address every factor listed. State v. Blaisdell, 2023 VT 62, ¶ 10, __ Vt. __, 311 A.3d 156 (mem.). The factors in 13 V.S.A. § 7554(b) include, but are not limited to:

> [T]he nature and circumstances of the offense charged; the weight of the evidence against the accused; and the accused's family ties, employment, character and mental condition, length of residence in the community, record of convictions, and record of appearance at

court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

13 V.S.A. § 7554(b)(2). After weighing the factors, if the court decides to release the defendant, the court may, among other conditions, place the defendant in the custody of a designated person who agrees to supervise the defendant. Id. § 7554(a)(2)(A); see State v. Champagne, 2024 VT 17, ¶ 14, __ Vt. __, 315 A.3d 953 (mem.) (describing designated person as "responsible adult").

¶ 3. In May 2024, defendant was charged with eleven felony offenses, seven of which are punishable by life imprisonment, including the following counts: aggravated sexual assault of a child, aggravated sexual assault of a child under the age of thirteen, and repeated aggravated sexual assault of a child. Defendant allegedly assaulted two minors, his daughter J.S. and his stepdaughter K.W., between 2006 and 2018. Defendant pled not guilty at his arraignment hearing and the State requested defendant be held without bail pursuant to 13 V.S.A. § 7553. Defendant objected, arguing that he was not a flight risk because he voluntarily went to the police department when requested, had substantial ties to Vermont, and had no prior criminal record. The court granted the State's request to hold defendant without bail pending a weight-of-the-evidence hearing. The court acknowledged that defendant had substantial ties to Vermont and no criminal history but found that these factors were outweighed by the seriousness of the crimes charged.

¶ 4. The court held a weight-of-the-evidence hearing on June 6, 2024. Defendant stipulated that the elements in § 7553 were met but argued that the court should exercise its discretion to release defendant into the custody of two responsible adults: his fiancée Barbara Rouleau and his mother Patricia Stroble. Rouleau and Stroble both testified at the hearing. Defendant contended that he was not a flight risk and that there was no risk of harm to the public.

¶ 5. The following day, the court issued a written decision granting the State's motion to hold defendant without bail. The court considered the factors from § 7554 and reasoned that defendant's proposed conditions were not sufficient to mitigate defendant's risk to the public. The court acknowledged that defendant had substantial ties to the community, was employed, and had no criminal record. However, the court found that (1) the charges of aggravated sexual assault of a child and aggravated sexual assault were "extremely serious" offenses, (2) Rouleau's skepticism of defendant's charges would hinder her ability to provide meaningful supervision, (3) if released into her custody, defendant would be in close proximity to one of the complainants, and (4) the proposed residence in New Hampshire posed concerns for enforcement by Vermont law enforcement. It therefore ordered that defendant be held without bail. No appeal was taken from this order.

¶ 6. Defendant moved for bail review on October 28, 2024, and proposed a new responsible adult, Pauline Watson. Because defendant previously waived any challenge to the weight of the evidence and did not appeal the court's June order, he argued solely that the court should exercise its discretion to grant conditions of release. On November 6, 2024, the court held a hearing on defendant's motion at which Watson testified. Watson is Rouleau's sister and worked with defendant from 2011 to approximately 2015 or 2016, though she had not spoken with defendant since that time. Watson testified that she would be able to supervise defendant and report any violations of his conditions of release, and she testified that she has formed no opinion on defendant's guilt. Watson also testified that her house is located about half a mile away from

a school for technical education. Defendant reiterated that he should no longer be held without bail because Watson could serve as a responsible adult, he had no criminal record, and he had substantial ties to Vermont.

¶ 7. The court denied defendant's motion. The court found that defendant posed a significant risk to the community because of the serious nature of the alleged conduct, highlighting that some of the alleged conduct occurred when Watson was working with defendant, the lack of significant relationship between defendant and Watson, and the proximity of Watson's residence to Windham County where one of the complainants resides. The court stated that, in particular, the lack of a significant relationship between defendant and Watson undermined the court's confidence in Watson's ability to adequately supervise defendant. Defendant appealed to this Court.

¶ 8. We review the court's decision to deny bail under 13 V.S.A. § 7553 for an abuse of discretion. State v. O'Grady, 2024 VT 44, ¶ 10, __ Vt. __, 323 A.3d 1002 (mem.). We look to " 'whether the discretion of the trial court was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable.' " Id. (quoting State v. Toomey, 126 Vt. 123, 125, 223 A.2d 473, 475 (1966)).

¶ 9. On appeal, defendant argues solely that the court abused its discretion in declining to release him on conditions because he is neither a flight risk nor a risk to public safety. Defendant asserts that he mitigated the court's concerns about his release by proposing Watson as a responsible adult and that the court failed to consider the § 7554 factors at the hearing on November 6. Defendant argues that the State did not provide evidence, and the court did not find, that defendant is a risk of flight. Instead, the court found that he had substantial ties to Vermont, no criminal record, and willingly cooperated with the police investigation. He contends that the alleged incidents occurred more than six years ago and that he has had no contact with the complainants since that time. Further, it has been a substantial amount of time, approximately ten years, since defendant and Watson worked together and so defendant argues the court should not give weight to the overlap between Watson's acquaintance and the crimes charged.[*] Finally, defendant argues that the court abused its discretion when it denied Watson as an appropriate designated responsible adult to supervise defendant. Defendant argues that it was error for the court to focus on whether his relationship with Watson was significant or ongoing, because Watson testified to her ability to supervise defendant and testified that she had no opinion on defendant's guilt. Additionally, defendant argues that it was error to find that Watson lived in close proximity to a complainant when the evidence showed that she lived in a different county.

¶ 10. We conclude that the court acted within its discretion in declining to release defendant to Watson's custody. Defendant is charged with multiple counts of sexual assault of two children over a "substantial period of time." The court placed significant weight on the nature

---

[*] The State argues in its brief that defendant failed to preserve any arguments as to the § 7554 factors and his risk of flight and risk to public safety because defendant's October 28 motion for bail review was limited in scope to proposing a responsible adult. However, defendant's arguments regarding the § 7554 factors are preserved because defendant raised the arguments before the court at the November 6 bail-review hearing, which the court considered and ultimately found unpersuasive.

of the charges and concluded that this made defendant a continued risk to the community. The court has discretion to deny bail based on the serious nature of the charges. See e.g., Blaisdell, 2023 VT 62, ¶¶ 12-13 (affirming decision to deny bail when trial court was primarily concerned with "extremely serious crimes" alleged and history of substance abuse because trial court need not "engage in an extended discussion of each factor"); State v. Vialet, 2021 VT 62, ¶¶ 8-10, 215 Vt. 648, 261 A.3d 642 (mem.) (concluding trial court did not abuse discretion and affirming denial of bail based on nature of offense and defendant's character and mental condition).

¶ 11. Additionally, the court explained that Watson's relationship with defendant appeared to be distant because they had not spoken in almost ten years, which made it difficult for the court to consider Watson to be an adequate supervisor. The court further noted that a portion of Watson's direct association with defendant occurred at the same time that defendant was allegedly committing the crimes charged, which undermined his claim that she could adequately supervise him. Contrary to defendant's claim, it was appropriate for the court to consider the nature of his and Watson's relationship in determining how her supervision could impact public safety. See e.g., Blaisdell, 2023 VT 62, ¶ 14; Auclair, 2020 VT 26, ¶ 14; Shores, 2017 VT 37, ¶ 24.

¶ 12. Nor is it fatal to the court's decision that it did not find defendant to be a flight risk. As explained above, risk of flight is a factor for the court to consider but is not solely determinative of whether a defendant held under § 7553 should be released. See Auclair, 2020 VT 26, ¶ 10-11 (affirming trial court's decision to deny bail despite defendant's assertion that she is not a danger to community or flight risk); Shores, 2017 VT 37, ¶ 22 ("[T]he presumption of holding without bail arises exactly because this Court treats a potential sentence of life imprisonment as a proxy for flight risk or risk to public safety." (emphasis added)).

¶ 13. The record shows that the court considered several of the factors in § 7554(b) and determined that, collectively, the factors did not weigh in favor of release. The court was not required to make specific findings as to each factor. Blaisdell, 2023 VT 62, ¶ 13; see Auclair, 2020 VT 26, ¶ 21 (concluding trial court did not abuse discretion in denying release based primarily on two factors: lack of acceptable responsible adult and likelihood that defendant would not follow conditions of release). Here, while defendant asserted that he had many ties to Vermont, no criminal record, and complied with law enforcement, the court found those factors to be outweighed by the serious nature of the crimes charged, the lack of an acceptable responsible adult, and the proximity of the proposed responsible adult to one of the complainants. It is within the trial court's discretion to weigh the evidence and assess the credibility of witnesses and we will not disturb these findings unless clearly erroneous. State v. Huston, 2020 VT 46, ¶ 10, 212 Vt. 363, 236 A.3d 1291. Accordingly, the court adequately explained its reasoning and acted within its discretion in denying defendant's motion.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice