NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2025 VT 57

SUPREME COURT CASE NO. 25-AP-331

OCTOBER TERM, 2025

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Willard Buell | } | CASE NO. 25-CR-09077 |

Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Willard Buell appeals the trial court's hold-without-bail order issued under 13 V.S.A. § 7553. He argues the trial court abused its discretion by failing to adequately consider his medical conditions. We affirm.

¶ 2.     The record reveals the following. Defendant is charged with two counts of aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(1) and two counts of sexual assault in violation of 13 V.S.A. § 3252. Each count carries a potential life sentence. 13 V.S.A. §§ 3252, 3253(b). Defendant was arraigned on September 8, 2025. At arraignment, the trial court granted the State's request that defendant be held without bail under 13 V.S.A. § 7553. The weight-of-the-evidence hearing was held on September 16, 2025.

¶ 3.     At the September 16 hearing, defendant conceded that the evidence of guilt was great. The court heard testimony from defendant's neighbor and heard arguments from defendant and the State. The court accepted the stipulation that the evidence of guilt was great and noted the presumption against release. It then analyzed whether it should exercise its discretion to release defendant despite the presumption against release.

¶ 4.     The trial court considered the factors set forth in 13 V.S.A. § 7554(b), specifically "the nature and circumstance of the offense, the weight of the evidence against [defendant], the length of residence in the community, character and mental condition, employment, financial resources, record of convictions, record of appearances at court proceedings, and any flight to avoid prosecution or failure to appear." The court first considered the State's allegations, which

were that on June 1, 2025, defendant allegedly sexually assaulted complainant. During the alleged assault, he held her down and prevented her from breathing. Defendant told complainant if she told anyone about the incident he would kill her. Between January 1, 2017, and June 1, 2025, defendant allegedly forced complainant to have sex with him on at least one occasion, during which he put his hands around her neck and choked her.

¶ 5. Defendant's criminal history includes seven felonies, eight misdemeanors, and five violations of probation. Three of the convictions were for assaults. The court recognized that defendant has lived in Vermont for a significant period, which weighed in defendant's favor. There was no evidence regarding defendant's employment.

¶ 6. The court then considered the testimony of defendant's neighbor, whom defendant proposed to act as defendant's custodian in the event defendant were released on bail. While the court acknowledged neighbor's testimony that defendant could reside with neighbor if released, the court observed that neighbor's residence was in "very close proximity" to complainant's residence. The court noted it understood neighbor could assist defendant with transportation and was aware of defendant's medical issues.

¶ 7. The court noted its particular concern with the violent nature of the charged offenses, which included preventing complainant from breathing and forced sex. These choking incidents, the court reasoned, also bore on defendant's character and mental condition. The court concluded defendant was not being arbitrarily detained based on the seriousness of the charged offenses and other factors.

¶ 8. The court expressly considered defendant's medical conditions. It recognized defendant's treatment needs but observed that the Department of Corrections (DOC) would be obligated to provide defendant with medical treatment for his issues. The court further observed that if the DOC was not providing such treatment, defendant could seek review of the Department's decisions. The court concluded that defendant's criminal record and the seriousness of the charged offenses weighed in favor of holding him without bail.

¶ 9. On appeal, defendant concedes that the evidence of guilt is great but argues that the court failed to give sufficient weight to the evidence he presented regarding his medical conditions. He argues the court abused its discretion by declining to release him on conditions where defendant presented evidence of his need for medical attention and a potential custodian to supervise him in the community. Defendant claims the DOC has not been "responsive" to his medical situation and neighbor could assist defendant in accessing treatment. Accordingly, defendant argues, the court should have released him on conditions.

¶ 10. Under 13 V.S.A. § 7553, a trial court may hold a defendant without bail if two conditions are satisfied: (1) the defendant is charged with an offense that is punishable by life imprisonment; and (2) the evidence of guilt is great. If these conditions are met, a "presumption against release arises, and the burden shifts to the defendant to present evidence that persuades the court to set bail or conditions of release." State v. Vialet, 2021 VT 62, ¶ 3, 215 Vt. 648, 261 A.3d 642 (mem.). The trial court's exercise of discretion under the presumption is "extremely broad, and our review is strictly limited, so long as the court gives the defendant an opportunity to be heard." State v. Stroble, 2024 VT 84, ¶ 2, ___ Vt. ___, 328 A.3d 1284 (mem.) (quotation omitted).

The trial court may look to the 13 V.S.A. § 7554(b) factors in guiding its decision but is not required to consider the factors or to address every listed factor. State v. Blaisdell, 2023 VT 62, ¶ 10, 218 Vt. 641, 311 A.3d 156 (mem.).

¶ 11.    This Court reviews a trial court's denial of discretionary bail for abuse of discretion. State v. Blow, 2020 VT 106, ¶ 13, 213 Vt. 651, 251 A.3d 517 (mem.).  As the court below correctly identified, the touchstones for evaluating whether to release an individual under § 7553 on conditions are "the State's interests in mitigating risk of flight and risk of danger to the public." State v. Shores, 2017 VT 37, ¶ 22, 204 Vt. 630, 168 A.3d 471 (mem.).  If a trial court's decision to hold a defendant without bail "reasonably serves [those] interests," it is not arbitrary.  Id.

¶ 12.    The trial court acted within its discretion in ordering defendant be held without bail. The court explained that the nature of the charged offenses, coupled with defendant's criminal record and the fact that defendant's proposed residence was in close proximity to complainant, weighed against releasing him prior to trial.  The court's decision to hold defendant without bail reasonably serves the State's interest in protecting the public, and in particular, complainant whom defendant allegedly repeatedly sexually assaulted.  The court acknowledged defendant's medical arguments but concluded that these were outweighed by the other factors.  The court adequately explained its decision and its decision is consistent with the purposes of § 7553.  We therefore discern no abuse of discretion.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

3